UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> $67,906.43 in U.S. Currency; ) <br> 86 one troy oz gold Canada Maple Leaf coins; ) <br> 15 one troy oz gold Credit Suisse bars; ) <br> 2 one troy oz Silver Canada coins; ) <br> 1 ten troy oz Silver bar; ) <br> Dan Wesson Arms .45 caliber Valor pistol, ) <br> Ser. No. 1302341; ) <br> Heckler and Koch .40 caliber pistol, ) <br> Ser. No. 22-056050; ) <br> Rock Island Armory .45 caliber 1911A1 pistol, ) <br> Ser. No. RIA1624903; ) <br> I.O. Inc. 762 caliber Sporter rifle, Ser. No. 035504; ) <br> Daniel Defense Inc. M4 Carbine zz caliber rifle, ) <br> Ser. No. DD043721D. ) <br> ) <br> Defendants. ) | Cause No. 2:16cv362 |

## VERIFIED COMPLAINT IN REM

Plaintiff, United States of America, by its attorneys, David Capp, United States Attorney for the Northern District of Indiana, and Orest Szewciw, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America pursuant to 21 U.S.C. § 881(a)(6) the defendant property for violations of 21 U.S.C. § 841.

## THE DEFENDANT(S) IN REM

2. Defendant property was seized on or about March 22, 2016, from Dr. Michael Cozzi in Fort Wayne, Indiana.  Defendant property is presently in the custody of the United States Marshals Service in South Bend, Indiana.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b)

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and also pursuant to 28 U.S.C. §1395(b), because the defendant property was found within this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. At all relevant times Michael Cozzi (hereinafter "Cozzi") was a licensed physician and registered with the Drug Enforcement Administration to prescribe and dispense schedule II-V controlled substances to patients. Pursuant to 21 U.S.C. § 841 and 21 C.F.R., Part 1306.04, such distributions are unlawful unless they are done under the registered practitioner's direction and supervision (i) in good faith in the course of his professional practice; (ii) within the scope of the patient doctor relationship; and (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession, that is, when they are for a legitimate medical purpose in the course of a professional medical practice.

8. Analysis of Dr. Cozzi's prescribing history relating to controlled

substances revealed that he was ranked as the number one prescriber within the entire State of Indiana (to include physicians, nurse practitioners, and hospitals) during the time period of January 1, 2014, through February 7, 2016, issuing approximately 64,762 controlled substance prescriptions. The number two and three ranked practitioners issued 60,385 and 47,795 prescriptions respectively.

9. During the 25 month analyzed time period, Dr. Cozzi prescribed controlled substances to approximately 3,481 unique patients, and he prescribed controlled substances to approximately 1,702 patients in the one-month time period from January 1, 2016, through February 7, 2016. Of the 3,481 patients, 64 patients listed addresses from nearby states of Illinois, Michigan, and Ohio, and from far away states of Massachusetts, New York, Virginia, Florida, Tennessee, California, Texas, and New Mexico. Patients traveling great distances within state or even out of state to receive controlled substance prescriptions are considered a concern, especially when the patient is sure to have passed numerous urgent aid centers, emergency rooms, and hospitals on the way to Dr. Cozzi's office.

10. Of the 64,762 controlled substance prescriptions issued by Dr. Cozzi, approximately 90% were for narcotic controlled substances including oxycodone, hydrocodone, morphine, and methadone. During the 25-month

time period, Dr. Cozzi issued prescriptions totaling in 2,901,624 dosage units of oxycodone, 1,293,749 dosage units of hydrocodone, and 747,885 dosage units of morphine.

    11. The investigation of Dr. Cozzi revealed that his office hours are Monday through Friday from 8:00 a.m. to 4:30 p.m., but employees would sometimes stay as late as 8:30 p.m. Dr. Cozzi does not have weekend hours, but occasionally saw patients on weekends. Dr. Cozzi saw approximately 90 to 120 patients per day for pain management. Dr. Cozzi does not require a referral or prior medical record unless the patient is a participant of Medicaid or another federally funded healthcare program. Patients without insurance could work out deals with Dr. Cozzi for other methods of payment, such as exchanging guns for services. The investigation revealed that patient charts are prepared ahead of time, including writing the scripts for Dr. Cozzi to sign when he actually saw the patient, which was how Dr. Cozzi saw 120 patients in an eight-hour day. Many patients paid in cash.

    12. On March 22, 2016, law enforcement officers executed a federal search warrant at the residence of Dr. Cozzi. In the garage agents located $35,544.61 in U.S. Currency in 45 envelopes and defendant firearms. In the residence agents located $32,361.85 in U.S. Currency behind vents and in drawers in the master bathroom and kitchen. Also hidden within the vent in

the master bathroom were defendant coins and bars.

WHEREFORE, the plaintiff requests that the defendant property be forfeited and condemned to the United States of America; that Warrant of Arrest In Rem be issued for defendant property; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this court deems proper and just.

Respectfully submitted,

DAVID CAPP
UNITED STATES ATTORNEY


Respectfully submitted,

DAVID CAPP
UNITED STATES ATTORNEY

By:   /s/ *Orest Szewciw*
      Orest Szewciw
      Assistant U.S. Attorney
      United States Attorney's Office
      Northern District of Indiana
      5400 Federal Plaza, Suite 1500
      Hammond, Indiana 46320
      Tel: (219)937-5500
      Fax: 219-852-2770
      email:orest.szewciw@usdoj.gov

## VERIFICATION

I, Jennifer Tucker, hereby verify and declare under penalty of perjury that I am a Diversion Investigator with the United States Department of Justice, Drug Enforcement Administration (DEA); that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge.

The sources of my knowledge and information are the official files and records of DEA, along with information supplied to me by other law enforcement officers, as well as my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated: 08/11/2016

*[signature]*
Jennifer Tucker
Diversion Investigator, DEA

6