**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | CAUSE NO. 2:16-CV-362-JEM | |
| | ) | | |
| $67,906.43 IN U.S. CURRENCY, *et al.*, | ) | | |
| Defendants, | ) | | |
| | ) | | |
| MICHAEL COZZI, | ) | | |
| Claimant. | ) | | |

**OPINION AND ORDER**

This matter is before the Court on a Petition to Substitute Claimant [DE 26], filed June 25, 2019. Claimant Cozzi died on August 15, 2018. On November 15, 2018, Counsel for Claimant Cozzi filed a notice to the Court informing the parties of Cozzi's death. Counsel for Claimant Cozzi requests that the Court substitute the Estate of Dr. Michael Cozzi for Claimant Michael Cozzi, now deceased, and represents that counsel for Plaintiff does not object.

Federal Rule of Civil Procedure 25(a) addresses substitution of a party upon death. It provides:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).

More than 90 days have passed since the notice of death was filed with the Court on November 15, 2018. Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to

act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether the neglect was excusable, the Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted); *see also Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) ("While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90-day requirement may be extended by Federal Rule of Civil Procedure 6(b) . . . The history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.") (quotation and quotation marks omitted).

Cozzi does not acknowledge that the request for substitution is untimely, but the Court notes that the parties have represented that the case has settled and the agreed motion for forfeiture will be filed by July 5, 2019. Accordingly, the Court finds good cause for the extension, noting that there will be no prejudice to the non-moving party.

For the foregoing reasons, the Court hereby **GRANTS** the Petition to Substitute Claimant [DE 26] and **SUBSTITUTES** the Estate of Dr. Michael Cozzi for Claimant Michael Cozzi. The Court **DIRECTS** the Clerk of Court to amend the caption to show "Estate of Dr. Michael Cozzi" as party Claimant in place of Michael Cozzi.

SO ORDERED this 28th day of June, 2019.

    s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record